IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL LEWIS BENNETT,           :

    Petitioner,                  :     CA 09-0827-CG-C

vs.                             :

UNITED STATES OF AMERICA,       :     CR 07-0237-CG

    Respondent.

**REPORT AND RECOMMENDATION**

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Proceedings, on Petitioner Bennett's § 2255 Motion to Vacate (Doc. 44), filed December 22, 2009. In that motion, however, Bennett fails to plead any facts which, taken as true, entitle him to habeas relief. As a result, it is the undersigned's recommendation that this case be **DISMISSED** under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1]

In his § 2255 motion, Petitioner Bennett fails to assert any legitimate ground(s) for relief or provide any reason whatsoever why he feels his sentence should be vacated, set aside, or corrected. (Doc. 44.) Notably, in his petition, Bennett relates that he plead guilty to "possession with intent to

---

[1] It is further recommended that a Certificate of Appealability (COA) *not* be issued to Petitioner Bennett.

distribute," without elaboration, and that in exchange, the "prosecutor agrees to dismiss Count 1." (*Id*. at 2.) Bennett states that he appealed his January 28, 2008 conviction and received a ruling from the Eleventh Circuit, but does not give the result or date of that opinion, if any. (*Id*. at 3.)

The closest Bennett comes to stating a valid ground for relief is when he posits that he received ineffective assistance of counsel "due to the fact that neither the federal prosecutor [nor] my defense counsel . . . informed [the sentencing judge] that I had a '20 year sentence' from the Mobile County Circuit Court." (*Id*. at 4.) This short statement represents the entirety of Bennett's argument; nowhere in the petition does he expand upon or clarify his position even slightly. The undersigned is unable to see, then, how this "omission" had even the slightest adverse effect on Petitioner.[2]

Furthermore, Bennett is currently serving time following a 1996 state-court conviction for robbery in the first degree, and when asked if he has any future sentence to serve after the sentence whose validity he is currently attacking, Bennett mistakenly reports that he was sentenced to a

---

[2] It is also worth noting here that Chief Judge Granade was informed of Bennett's prior conviction(s) in advance of sentencing via the Presentence Report (Doc. 24) filed January 23, 2008. The "twenty year sentence" to which Bennett refers is clearly listed on page 7 of that report. Mr. Bennett and his attorney declined to present any objections to this Report or suggest that his criminal history was any different than that reported to the Court by his Probation Officer. (*Id.,* Attachment 1)

27-month term of imprisonment in January of 2008 by Chief Judge Granade of this Court.[3]  (*Id*. at 6.)  A search for any other cases involving Bennett in this Court's case management system, however, reveals only the instant action, broken into its civil and criminal components.

The undersigned's independent review of the record reveals the following time line.  First, after being arrested on June 8, 2007, for the possession with intent to distribute crack cocaine, Bennett was appointed counsel (Doc. 9) and entered into a plea agreement (Doc. 18) on October 22, 2007.  In that document, Bennett's signature clearly appears below a paragraph that reads:

> I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me.  I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand this agreement, and I voluntarily agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proven the same beyond a reasonable doubt.

(*Id*. at 11.)  This guilty plea was accepted via this Court's order on October 24, 2007 (Doc. 20).  Next, Bennett filed his Position of Parties with Respect to Sentencing Factors (Doc. 23) on January 10, 2008, and therein contended

---

[3] Bennett lists the date of his 27-month conviction as the same date of the 24-month conviction he attempts to attack in his petition, but the discrepancy of terms (3 months) muddles the matter.  (*Compare Id*. at 6 *with Id*. at 1-2.)

that according to the "tox reports," he was responsible for trafficking only 0.7, not 2.0, grams of crack cocaine, a discrepancy that would have the effect of lowering his base offense level. (*Id*. at 1.) Bennett and his counsel also argued that he should receive a three point adjustment for his acceptance of responsibility, giving him a total offense level of 13 with a criminal history category of III, meaning the guideline range for his sentence would be 18-24 months. (*Id*.) Judgment was entered against Bennett on February 6, 2008 (Doc. 30); Bennett was sentenced to a term of 24 months.

Bennett, through counsel then filed a Notice of Appeal (Doc. 27) on February 7, 2008, but this Court's judgment was affirmed by the Eleventh Circuit on November 7, 2008 (Doc. 40). Bennett's attorney, Linda Collins Jensen, having assisted Bennett with getting an appeal perfected, then filed a motion to withdraw, complete with an *Anders* brief, asserting that she was unable to find any issues on appeal that would have arguable merit, and this motion was also granted. (*Id*.) Bennett then filed a self-styled Motion to Reconsider Sentence (Doc. 41) on September 28, 2009, which was denied by this Court (Doc. 42) via an endorsed order on September 30, 2009. Finally, on December 22, 2009, Bennett filed the instant motion (Doc. 44).

Although Petitioner Bennett's § 2255 motion is entitled to a liberal construction due to its status as a *pro se* pleading, *see Aron v. United States*,

4

291 F.3d 708, 715 (11th Cir. 2002), scant and unsupported (or even non-existent) claims are properly disposed of on their face.  *See, e.g., Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979) (holding that issues "not properly presented" to district court were not "properly before" it)[4]; *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.)*, cert. denied*, 446 U.S. 945 (1980) (contention "without merit" when it is "wholly conclusory and unsupported by factual allegations or proof"); *United States v. Lynn*, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (collecting cases stating that where a petitioner has made unsupported allegations, no evidentiary hearing is required).

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts relates that a successful motion to vacate must (1) specify all the grounds for relief available to the movant, (2) state the facts supporting each ground, and (3) state the relief requested, among other requirements.  Rule 4(b), moreover, mandates that "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party" upon initial consideration.  Finally, the Ninth Circuit in *U.S. v. Mims*, 928 F.2d 310 (1991), when facing a (similarly unsupported) claim of ineffective

---

[4] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (1981), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to September 30, 1981.

assistance of counsel due the petitioner's attorney having a supposed conflict of interest, the Court said: "Because this court will not 'create a conflict of interest out of mere conjecture as to what might have been shown,' we affirm the finding of the district court." *Id.* at 313 (quoting *Lugo v. United States*, 350 F.2d 858, 859 (9th Cir. 1965)). *See also Rayborn v. U.S.*, 251 F.2d 950 (6th Cir. 1958) (per curiam) (upholding the district court's denial of a motion to vacate where said motion "did not contain a statement of facts upon which the relief sought could be granted."); *Schawartzberg v. U.S.*, 379 F.2d 551, 552 (2nd Cir. 1967) (per curiam) (upholding district court's denial of a § 2255 motion to vacate in part because the petitioner's claim of prejudice was "unsupported by any factual allegations" and was "wholly conclusory and too insubstantial to require a hearing."). In light of the foregoing, petitioner's motion to vacate is due to be dismissed.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned also recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of

appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  *See also id*. at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve

encouragement to proceed further."'"").  *Slack* also states that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. Simply put, given the facts of this case, it is nonsensical for the Petitioner to suggest that the prosecutor and defense attorney's failure to mention the fact that Petitioner had already received a 20-year sentence in an Alabama court to the sentencing judge deprived him of effective assistance of counsel.

For the reasons identified above, it is the undersigned recommendation that this case be **DISMISSED**.  It is further recommended that a Certificate of Appealability (COA) *not* be issued to Petitioner.

The attached sheet contains important information regarding

objections to the report and recommendation of the Magistrate Judge.

    **DONE** this 20th day of January, 2010.

                                 s/WILLIAM E. CASSADY
                                 UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).